An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF R. CHRISTOPHER READE, BAR NO. 6791.

No. 65738

**FILED**

JUN 25 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF TEMPORARY SUSPENSION*

This is a joint petition pursuant to SCR 111(4) by bar counsel and attorney R. Christopher Reade based on Reade's conviction in the United States District Court, District of Nevada, pursuant to a guilty plea, of one count of accessory after the fact to laundering of monetary instruments, a felony in violation of 18 U.S.C. § 3. Reade timely informed the State Bar of his conviction. *See* SCR 111(2).

When an attorney has been convicted of a serious crime, SCR 111 provides that this court shall enter an order suspending that attorney pending final disposition of a disciplinary proceeding. SCR 111(7). A felony is explicitly a "serious crime" under SCR 111, and a guilty plea constitutes a "conviction." SCR 111(1), (6). Reade pleaded guilty to a felony count and has therefore been convicted of a serious crime for purposes of SCR 111.

Accordingly, we temporarily suspend Reade from the practice of law and refer this matter to the Southern Nevada Disciplinary Board for the initiation of formal disciplinary proceedings in which the sole issue

SUPREME COURT
OF
NEVADA

(O) 1947A

14-20859

to be determined is the extent of discipline to be imposed.  *See* SCR 111(7), (8).

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
David A. Clark, Bar Counsel
Wright Stanish & Winckler
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court